USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/5/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :
                                                              :     83 Cr. 150 (LGS)
                        -against-                             :
                                                              :     **OPINION AND ORDER**
WALLACE RICE,                                                 :
                                              Defendant.     :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

    This case is before the Court on Defendant Wallace Rice's pro se motions under Federal Rule of Criminal Procedure 35(a) ("Rule 35(a)"), Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") and a motion for appointment of counsel. For the following reasons, Defendant's motions are denied.

## I. BACKGROUND

### A. Original Conviction, Sentence, Appeal and Motion to Vacate

On September 27, 1983, Defendant and seven others were charged with multiple violations of federal law, in a fifteen-count superseding indictment. On November 21, 1983, Defendant was convicted on five counts following a jury trial: Count One (narcotics conspiracy pursuant to 21 U.S.C. § 846); Count Four (continuing criminal enterprise pursuant to 21 U.S.C. § 848); Count Eight (heroin distribution pursuant to 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2); Count Thirteen (racketeering enterprise conspiracy pursuant to 18 U.S.C. § 1962(d)); and Count Fourteen (operating a racketeering enterprise pursuant to 18 U.S.C. § 1962(c)).

On January 12, 1984, the District Court sentenced Defendant to life imprisonment without parole and a $75,000 fine on Count Four; fifteen years' imprisonment, a $25,000 fine

and lifetime special parole on Count Eight; fifteen years' imprisonment and a $12,500 fine on Count Thirteen; and twenty years' imprisonment and a $12,500 fine on Count Fourteen.  The Second Circuit affirmed Defendant's appeal of his conviction and sentence on March 11, 1985. *See United States v. Thomas, et al.*, 757 F.2d 1359 (2d Cir. 1985).  On October 6, 1986, the Supreme Court denied Defendant's petition for certiorari.  *See Rice v. United States*, 479 U.S. 818 (1986).

On May 31, 2000, Defendant filed a motion to vacate under 28 U.S.C. § 2255, arguing that the District Court's failure to instruct the jury in accordance with *Richardson v. United States*, 526 U.S. 813 (1999) required vacating his conviction and sentence.  On October 30, 2000, the court denied Defendant's motion, finding that the failure to instruct was harmless.  On February 21, 2002, Defendant's appeal was dismissed for failure to make a substantial showing that a constitutional right was violated.

### B. August 2004 Rule 35(a) Motion

On August 3, 2004, Defendant filed a submission styled as a "Motion Under Former Federal Rule of Criminal Procedure 35(a)" ("Rule 35(a) motion"), where he argued that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and related cases required reversal of his conviction and sentence.  Defendant also argued that there was no finding of guilt -- as a matter of law -- under *Richardson*.

On March 10, 2005, the District Court construed Defendant's motion as "a second and successive [habeas] petition brought in the guise of a Rule 35 motion." *United States v. Rice*, No. 83 Cr. 150, 2005 WL 589398, at *2 (S.D.N.Y. Mar. 10, 2005).  Pursuant to *Liriano v. United States*, 95 F.3d 119 (2d Cir.), *as amended* (Oct. 7, 1996), rather than dismiss the motion, it was

referred to the Second Circuit. *Rice*, 2005 WL 589398, at *2. On June 24, 2005, the Second Circuit dismissed Defendant's motion.

### C. May 2005 Rule 59(e) Motion

On May 12, 2005, Defendant filed a submission styled as a "Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure," arguing that his August 2004 Rule 35(a) motion was improperly characterized as a second and successive habeas petition, and that the court was required to have given Defendant notice before construing the motion as a habeas petition.

### D. Motion for Appointment of Counsel and November 2018 Rule 35(a) Motion

On March 3, 2017, Defendant filed a motion for appointment of counsel to determine whether he was eligible for relief pursuant to amended sentencing guidelines. On November 20, 2018, Defendant filed a second submission styled as a "Motion Under Former Federal Rule of Criminal Procedure 35(a)." Defendant argued that his conviction for Count Four (continuing criminal enterprise) was illegal under the relevant statutes at the time of his sentence.

On December 28, 2018, the case was reassigned in the District Court. The Government filed a memorandum of law in opposition to Defendant's Second Rule 35(a) and Rule 59(e) motions on June 11, 2019, and a letter response to Defendant's motion for appointment of counsel on June 12, 2019.

## II. DISCUSSION

Because Defendant appears pro se, the Court has liberally interpreted his submissions "to raise the strongest arguments that they suggest." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018). Defendant brings three separate motions: (1) a Rule 59(e) motion challenging the characterization of his August 2004 Rule 35(a) motion as a second and successive habeas

petition; (2) a Rule 35(a) motion challenging the legality of his sentence; and (3) a motion for appointment of counsel to determine whether he is eligible for relief pursuant to amended sentencing guidelines.

For the following reasons, Defendant's motions are denied.

A.      **Rule 59(e) Motion**

Rule 59 provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) permits courts to "alter or amend judgment to correct a clear error of law or prevent manifest injustice." *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 216 (2d Cir. 2019). "A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Defendant's Rule 59(e) motion is denied. Rule 59 -- as a federal rule of *civil* procedure -- does not apply in criminal cases. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district court . . . .") (emphasis added). Even if Rule 59(e) were applicable to Defendant's criminal case, his motion is significantly untimely, *see* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than *28 days* after the entry of judgment.") (emphasis added), and the Court may not grant an extension to file such a motion. *See* Fed. R. Civ. P. 6(b)(2) ("A court *must not* extend the time to act under Rules . . . 59(b), (d), and (e)") (emphasis added); *Lichtenberg v. Besicorp Grp. Inc.*, 204 F.3d 397, 401 (2d Cir. 2000) (noting that Rule 59(e)'s time limitation is "uncompromisable" due to Rule 6(b)).

4

With respect to the merits of Defendant's argument, he asserts that his August 2004 Rule 35(a) motion was improperly characterized as a second and successive habeas petition, and that the court was required to have given Defendant notice before construing the motion as a habeas petition. The argument is incorrect. While a court may not recharacterize a pro se litigant's motion purportedly made under some other rule as a motion pursuant to § 2255 unless the litigant receives notice of the recharacterization and an opportunity to withdraw the motion, *see Castro v. United States*, 540 U.S. 375, 383 (2003), a court is not required to give petitioner notice if a § 2255 petition already has been filed. *See Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001); *accord Thompson v. United States*, No. 16 Civ. 3468, 2017 WL 2666115, at *2 (S.D.N.Y. June 19, 2017). Because Defendant challenged his sentence under 28 U.S.C. § 2255 more than four years before the court construed his August 2004 Rule 35(a) motion as a second and successive habeas petition, the district court was not obligated to have given Defendant notice and the opportunity to withdraw the August 2004 motion.

Finally, to the extent that Defendant's motion argues that *Apprendi* requires any factor that increased the penalties for Defendant's crimes to have been found by a jury, the motion is also denied. As the Second Circuit noted in *Coleman v. United States*, "[n]ew substantive rules are applied retroactively on habeas review, but . . . new procedural rules are not." 329 F.3d 77, 83 (2d Cir. 2003); *accord Gil v. United States*, No. 14 Civ. 1336, 2015 WL 4617235, at *3 (S.D.N.Y. Aug. 3, 2015). The court in *Coleman* concluded that *Apprendi* announced a procedural rule, as "[t]he rule . . . did not effect a change in the meaning of a federal criminal statute. . . . After *Apprendi*, the government must prove the same factors, but it must now prove those facts to a jury beyond a reasonable doubt." 329 F.3d at 87. Because Defendant's *Apprendi* argument -- that the quantity of drugs supporting his mandatory life sentence should have been

5

decided by the jury and proved beyond a reasonable doubt -- is procedural and seeks retroactive relief, it is not cognizable on habeas review. *See id.* at 83; *accord Gil*, 2015 WL 4617235, at *3. Defendant's Rule 59(e) motion is denied.

**B.     Rule 35(a) Motion**

Defendant moves under former Rule 35(a), asserting that his conviction for Count Four (continuing criminal enterprise) was illegal under the relevant statutes at the time of his sentence. Former Federal Rule of Criminal Procedure 35(a) is applicable to offenses committed before November 1, 1987. *United States v. Lussier*, 104 F.3d 32, 37 n.5 (2d Cir. 1997); *accord United States v. Persico*, No. 85 Cr. 139-10, 2016 WL 9022509, at *3 (S.D.N.Y. June 24, 2016). Former Rule 35 provided that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed. R. Crim. P. 35(a) (1985). "Sentences subject to correction as 'illegal' under former Rule 35 are 'those that the judgment of conviction did not authorize.'" *United States v. Lika*, 344 F.3d 150, 153 (2d Cir. 2003) (per curiam) (quoting *United States v. Morgan*, 346 U.S. 502, 506 (1954)); *accord Persico*, 2016 WL 9022509, at *4. A sentence is not illegal under former Rule 35(a) if it is not "in excess of a statutory provision or otherwise contrary to the applicable statute," *United States v. Huss*, 520 F.2d 598, 602 (2d Cir. 1975); *accord Persico*, 2016 WL 9022509, at *4, and if its terms are not "legally or constitutionally invalid in any other respect." *Hill v. United States*, 368 U.S. 424, 430 (1962); *accord Persico*, 2016 WL 9022509, at *4.

Defendant's Rule 35(a) motion is denied. First, Defendant's sentence does not fit within Rule 35(a)'s criterion for illegality, as being "one in excess of a statutory provision or otherwise contrary to the applicable statute." *Huss*, 520 F.2d at 602; *accord Shakur v. United States*, 44 F.

6

Supp. 3d 466, 478 (S.D.N.Y. 2014). Because the District Court permissibly sentenced Defendant to life imprisonment, *see* 21 U.S.C. § 848 (1970), and Defendant concedes his sentence was permissible, Defendant's sentence is neither in excess of a statutory provision nor otherwise contrary to the applicable statute. *See Shakur*, 44 F. Supp. 3d at 479 (concluding that, because the court's recommendation that "no parole consideration be given until the maximum period has been served. . . . did no violence to § 4205(a) or any other statute," petitioner's Rule 35(a) motion was denied).

Furthermore, the plain text of 21 U.S.C. § 848 at the time Defendant was sentenced made him statutorily ineligible for parole with respect to his conviction on Count Four. Section 848 provided, in relevant part, that: "[i]n the case of any sentence imposed under this section, imposition or execution of such sentence shall not be suspended, probation shall not be granted, and section 4202 of title 18 of the Unites States Code . . . shall not apply." 21 U.S.C. § 848 (1970). Because 18 U.S.C. § 4202 was the statute governing eligibility for federal parole when 21 U.S.C. § 848 was enacted, in stating that 18 U.S.C. § 4202 "shall not apply," Congress expressly provided that persons convicted under 21 U.S.C. § 848, like Defendant, would be ineligible for parole. *See Williams v. United States*, 731 F.2d 138, 140 (2d. Cir. 1984) ("Any person sentenced for a violation of § 848 is, under the terms of that section, ineligible for parole."). Accordingly, Defendant's Rule 35(a) motion is denied.

### C. Motion for Appointment of Counsel

Defendant seeks appointment of counsel to determine whether he was eligible for a reduction in sentence pursuant to amendments to the United States Sentencing Guidelines (the "Guidelines") applicable to narcotics offenses. "The Second Circuit has repeatedly stated that 'there is no statutory right to counsel under the Criminal Justice Act in connection with a §

7

3582(c) motion [for reduction in sentence], and that the provision of counsel for such motions should rest in the discretion of the district court.'" *Schlussel v. United States*, No. 08 Cr. 694, 2014 WL 1875928, at *3 (S.D.N.Y. May 9, 2014) (quoting *United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010) (summary order)); *see also United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995) ("The provision of counsel for [post-appeal motions for sentence reduction] should rest in the discretion of the district court."). When "it [is] readily ascertainable from the record that [the movant] was ineligible for a reduction in sentence," the movant's request for the appointment of counsel may properly be denied. *Cirineo*, 372 F. App'x at 179.

Defendant's motion for appointment of counsel is denied. Defendant was sentenced in 1984, prior to the effective date of the Sentencing Reform Act of 1984, which established the Guidelines. *See Mistretta v. United States*, 488 U.S. 361 (1989). Defendant is not eligible for a sentence reduction under Amendments 788 and 782 of the Guidelines, which lowered, retroactively, the penalties for many drug offenses. Under § 1B1.10(a)(2)(B) of the Guidelines, "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." Because Defendant is subject to life imprisonment without parole for participating in a continuing criminal enterprise, a separate offense that Amendments 782 and 788 do not affect, he is not eligible for a sentence reduction. *See United States v. Francis*, No. 97 Cr. 1121-14, 2015 WL 12999716, at *2 (E.D.N.Y. May 6, 2015) (concluding that defendant was not eligible for a sentence reduction under Amendments 782 and 788, in part, because defendant was subject to a mandatory minimum sentence of life imprisonment). Defendant's motion for appointment of counsel is denied.

## III. CONCLUSION

For the foregoing reasons, Defendant's motions are DENIED. The Court certifies that any appeal from this Opinion and Order would not be taken in good faith, and therefore permission to proceed *in forma pauperis* status is denied. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *accord Matter of AMR Corp.*, 566 B.R. 657, 669 (S.D.N.Y. 2017).

The Clerk of Court is respectfully directed to close the motions at Docket Numbers 49, 57 and 58, and to mail a copy of this Opinion and Order to pro se Plaintiff.

Dated: November 5, 2019
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE