```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
  UNITED STATES OF AMERICA,                 :
                                            :
                                            :
              -against-                     :       83 Cr. 150-3 (LGS)
                                            :
  WALLACE RICE,                              :          ORDER
                           Defendant.       :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on or about September 27, 1983, Defendant Wallace Rice was charged with seven others in a fifteen-count second superseding indictment with multiple violations of federal law. On November 21, 1983, Defendant was convicted on five counts following a jury trial, specifically (1) narcotics conspiracy, in violation of 21 U.S.C. § 846; (2) continuing criminal enterprise, in violation of 21 U.S.C. § 848; (3) heroin distribution, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2; (4) racketeering enterprise conspiracy, in violation of 18 U.S.C. § 1962(d); and (5) operating a racketeering enterprise, in violation of 18 U.S.C. § 1962(c).

WHEREAS, on January 12, 1984, Defendant was sentenced to life imprisonment without parole and a $75,000 fine on the continuing criminal enterprise count; nothing on the narcotics conspiracy count, which was merged with the sentence on the continuing criminal enterprise count; fifteen years' imprisonment, a $25,000 fine and lifetime special parole on the heroin distribution count; fifteen years' imprisonment and a $12,500 fine on the racketeering enterprise conspiracy count; and twenty years' imprisonment and a $12,500 fine on the operation of a racketeering enterprise count.

WHEREAS, on or about January 20, 1984, Defendant appealed his conviction and sentence, which was affirmed on March 11, 1985. On October 6, 1986, the Supreme Court

denied Defendant's petition for certiorari. Between 2000 and 2017, Defendant sought further post-conviction relief, all of which was denied.

On November 5, 2019, the Court denied a previously filed motion under Federal Rule of Civil Procedure 35(a), a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and a motion for appointment of counsel.

WHEREAS, on July 10, 2020, Defendant, now eighty-seven years old and currently incarcerated at FCI Allenwood, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion"), based on extraordinary and compelling reasons related to Defendant's advanced age, underlying health conditions and the Coronavirus ("COVID-19") pandemic. Specifically, the Motion argues that the following medical conditions put Defendant at a higher risk of severe illness from COVID-19: lymphoma, chronic angle-closure glaucoma, chronic obstructive asthma, chronic obstructive pulmonary disease ("COPD"), benign prostatic hypertrophy and hypertension, among others. The Motion also explains that, in a petition dated November 20, 2019, Defendant previously sought compassionate release directly from the BOP, based on the same underlying medical conditions, and appealed its denial. Defendant requests that the Court reduce his sentence to time served so that he can live out the rest of his life with his family.

WHEREAS, on July 15, 2020, Defendant filed a duplicative, hand-written request for immediate release due to COVID-19, dated July 9, 2020, and requested counsel to "expedite" this request.

WHEREAS, on July 16, 2020, Defendant filed a letter, also dated July 9, 2020, seeking to withdraw his request for counsel to file a petition on his behalf, and replace it with a pro se motion, dated July 3, 2020, duplicative of his July 10, 2020, submission.

WHEREAS, on July 16, 2020, Defendant filed another copy of a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), dated July 3, 2020.

WHEREAS, on July 17, 2020, the Government filed an opposition, and appended Defendant's Bureau of Prisons ("BOP") medical records and information regarding cases of COVID-19 at FCI Allenwood.

WHEREAS, on July 21, 2020, the Court adjourned a previously scheduled telephonic hearing sine die, appointed Carla Sanderson as counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, for the limited purpose of assisting Defendant with the pending Motion and appearing on behalf of Defendant at future telephonic hearing.  The Court also directed Ms. Sanderson to file a response to the Government's opposition and answer various questions posed by the Court.

WHEREAS, on August 3, 2020, Ms. Sanderson filed a response on Defendant's behalf, including letters of support from fellow prisoners and family members.  It is hereby

**ORDERED** that the Motion is **GRANTED**.  Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, a court "may not modify a term of imprisonment once it has been imposed except" as provided by statute.  18 U.S.C. § 3582(c)(1)(A); *accord United States v. Perez*, No. 17 Cr. 513, 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020).  As relevant here:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i); *accord Perez*, 2020 WL 1546422, at *2.

The relevant policy statement provides that a reduction of sentence is permitted if "[e]xtraordinary and compelling reasons warrant the reduction," U.S.S.G. § 1B1.13(1)(A); "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," *id*. § 1B1.13(2); and "[t]he reduction is consistent with this policy statement," *id*. § 1B1.13(3); *accord United States v. Campagna*, No. 16 Cr. 78-01, 2020 WL 1489829, at *2 (S.D.N.Y. Mar. 27, 2020).  The Application Notes of U.S.S.G. § 1B1.13 set forth four circumstances that constitute extraordinary and compelling reasons, including, as relevant here, a defendant's medical condition (e.g., a terminal illness or serious physical medical condition) and age (i.e., if the defendant is at least sixty-five-years old, has experienced a serious deterioration in physical or mental health and has served at least ten years or seventy-five percent of his term of imprisonment).  *See* U.S.S.G. § 1B1.13(3); *accord United States v. Ebbers*, 432 F. Supp. 3d 421, 427-28 (S.D.N.Y. 2020).  Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction.  *Perez*, 2020 WL 1546422, at *2.

As a threshold matter, the Government argues that Defendant has failed to exhaust his administrative remedies because, even though Defendant sought compassionate release directly from the BOP in November 2019, the request pre-dated the COVID-19 pandemic and therefore did not contain the exact basis for relief as this Motion.  This argument must fail.  There is no dispute that Defendant exhausted his administrative remedies on the basis of his medical conditions, which form the primary basis for his current request for relief.  This is sufficient for administrative exhaustion under § 3582(c)(1)(A).  *See United States v. Gluzman*, No. 96 Cr. 323, 2020 WL 4233049, at *8, 10-12 (S.D.N.Y. July 23, 2020) (concluding the same where defendant

4

sought compassionate release from the BOP on June 28, 2019, on the basis of multiple medical conditions, and then filed a compassionate release motion with the district court on June 2, 2020, in part, due to COVID-19).  That the Government argues that § 3582(c)(1)(A) requires Defendant to separately exhaust compassionate release requests for every specific basis on which release is sought -- and therefore re-file his compassionate release request with identical medical conditions -- is without merit, particularly where the Government cites no case law interpreting the statute in this way.[1]  *United States v. Resnick*, No. 14 Cr. 810, 2020 WL 1651508, at *6 (S.D.N.Y. Apr. 2, 2020) (explicitly rejecting the government's argument that defendant "ha[d] not exhausted because the operative administrative request for [defendant] is one submitted on his behalf by his attorney on March 28, which (unlike [defendant's] February 26 request) relies specifically on [defendant's] particular susceptibility to COVID-19").

Defendant has submitted sufficient evidence to establish that his medical conditions and age constitute extraordinary or compelling reasons for a sentence reduction under § 3582(c)(1)(A)(i).  Among a variety of serious conditions, Defendant suffers from lymphoma, chronic angle-closure glaucoma, chronic obstructive asthma, COPD and hypertension.  These conditions are listed by the Centers for Disease Control and Prevention (the "CDC") as putting individuals at risk of severe illness from COVID-19, *see People at Increased Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-

---

[1] The cases cited by the Government to support the argument that Defendant failed to exhaust his administrative remedies are highly distinguishable, in part, because the defendants in those cases did not first seek relief from the BOP, but rather directly from the district court and urged the court to expressly disregard 18 U.S.C. § 3582(c)'s exhaustion requirement in light of COVID-19. *See United States v. Ogarro*, No. 18 Cr. 373-9, 2020 WL 1876300, at *1-2 (S.D.N.Y. Apr. 14, 2020) (Defendant petitioned the court directly for immediate release due to COVID-19 and admitted that he did not satisfy either of 18 U.S.C. § 3582(c)'s exhaustion requirements); *United States v. Roberts*, No. 18 Cr. 528-5, 2020 WL 1700032, at *1-2 (S.D.N.Y. Apr. 8, 2020) (same).

ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 4, 2020), and the Government concedes that these medical conditions constitute extraordinary or compelling reasons.  As an eighty-seven-year-old man, Defendant's age also puts him at risk of severe illness from COVID-19.  *See People at Increased Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited August 4, 2020).  Accordingly, Defendant has established extraordinary or compelling reasons for a sentence reduction under § 3582(c)(1)(A)(i), especially where diagnostic tests dated May 19, 2020, indicate that Defendant's lymphoma may be spreading, according to information cited by defense counsel.  *See United States v. Barajas*, No. 18 Cr. 736-04, 2020 WL 3976991, at *9 (S.D.N.Y. July 13, 2020) (concluding that a thirty-five-year-old defendant had demonstrated extraordinary or compelling reasons, in part, based on an undiagnosed moderate-to-severe asthmatic condition); *United States v. Hernandez*, No. 10 Cr. 1288, 2020 WL 3893513, at *2 (S.D.N.Y. July 10, 2020) (granting sixty-two-year-old defendant's motion for compassionate release, in part, where the government conceded that defendant satisfied the extraordinary or compelling reasons threshold based on type II diabetes, COPD and obesity); *Resnick*, 2020 WL 1651508, at *7 (granting sixty-five-year-old defendant's motion for compassionate release, in part, due to his "diabetes and end-stage liver disease, making [defendant] particularly vulnerable to COVID-19"); *Perez*, 2020 WL 1546422, at *4 (noting that defendant's "persistent pain and vision complications," as well as his inability to "provide self-care," all supported a finding of extraordinary or compelling reasons).

Where extraordinary or compelling reasons exist, U.S.S.G. § 1B1.13(2) still requires courts to find that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2); *accord Gluzman*,

2020 WL 4233049, at *17.  18 U.S.C. § 3142(g) requires the Court to consider "the nature and circumstances of the offense charged," "the weight of the evidence against [Defendant]," Defendant's "history and characteristics," including Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" and "the nature and seriousness of the danger to any person or the community that would be posed by . . . [Defendant's] release." 18 U.S.C. § 3142(g); *accord Gluzman*, 2020 WL 4233049, at *17.

Here, Defendant has submitted sufficient evidence to establish that he is no longer a danger to the safety of any other person or to the community.  Even though he was convicted of and sentenced to very serious crimes almost forty years ago, the parties do not dispute that Defendant has no record of violence during his thirty-seven plus years in prison and that, given Defendant's advanced age and serious health problems, he is significantly less likely to recidivate.  *See* U.S. Sentencing Comm., *The Effects of Aging on Recidivism Among Federal Offenders*, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf (last visited August 4, 2020); *accord United States v. Bass*, No. 10 Cr. 166, 2020 WL 2831851, at *8 (N.D.N.Y. May 27, 2020) (citing to the Sentencing Commission's guidelines to support the unlikelihood of defendant's recidivism given his advanced age, and noting defendant's "mostly clean disciplinary record from his time in prison" and that defendant's ability to "largely follow[] the rules while incarcerated suggests that he will do so once released, which minimizes the danger he poses to the community").

More notably, the record strongly suggests that Defendant "has persevered dispute his life without parole sentence," for example by "work[ing] for decades in the prison laundry forging

7

meaningful relationships with other inmates and staff alike, taking younger inmates under his wing and helping them stay out of trouble, earning a college degree, and fostering relationships through letters, phone calls, and in-person visits . . . with his family." The multiple letters submitted by fellow prisoners and Defendant's family members on his behalf -- all highlighting the positive and persistent role that Defendant has played in their lives -- is further evidence of Defendant's post-sentencing rehabilitation over the past thirty-seven years. *See Pepper v. United States*, 562 U.S. 476, 491 (2011) ("[E]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing," such as a defendant's history and characteristics, the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes.); *accord United States v. Torres*, No. 87 Cr. 593, 2020 WL 2815003, at *6 (S.D.N.Y. June 1, 2020). Accordingly, the Court finds that Defendant will not pose a risk to others or the community if released.

Finally, "the Court must consider[ ] the [sentencing] factors set forth in [S]ection 3553(a) to the extent that they are applicable." *Bass*, 2020 WL 2831851, at *9 (internal quotation marks omitted) (alteration in original). Accordingly, § 3553(a) requires the Court to consider what is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a); *accord Bass*, 2020 WL 2831851, at *9. Relevant factors, among others, include: "1. The nature and circumstances of the offense and history and characteristics of the defendant"; "2. The need for the sentence to reflect the seriousness of the offenses, promote respect for the law, and provide just punishment for the defendant's crimes"; "3. The need for the sentence to afford adequate deterrence to comparable criminal conduct"; "4. The need for the sentence to protect the public from further crimes by the defendant"; and "5. The need to avoid

unwarranted sentence disparities among similarly situated defendants." *Bass*, 2020 WL 2831851, at *9 (citing 18 U.S.C. § 3553(a)); *see generally* 18 U.S.C. § 3553(a).

Defendant's clean disciplinary record and extensive efforts at rehabilitation while incarcerated weigh in favor of his release under the first factor and, as discussed, Defendant's age make recidivism unlikely under the fourth factor. The second, third and fifth factors also weigh in favor of Defendant's release, where the almost thirty-eight years he has spent in prison are sufficient for purposes of specific and general deterrence. *See United States v. Wong Chi Fai*, No. 93 Cr. 1340, 2019 WL 3428504, at *4 (E.D.N.Y. July 30, 2019) (concluding, "notwithstanding the seriousness of [defendant's] criminal conduct," that the sentence served (twenty-six years of a life sentence) appropriately "reflect[s] the seriousness of the offense," "promote[s] respect for the law" and "provide[s] just punishment for the offense" (citing 18 U.S.C. § 3553(a)) (alterations in original)); *see also* U.S. Sentencing Comm., *Length of Incarceration and Recidivism*, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2020/20200429_Recidivism-SentLength.pdf (last visited August 4, 2020). Denying Defendant's compassionate release request, in light of his age and the seriousness of his medical conditions, would impose a sentence "greater than necessary" to comply with the statutory purposes of punishment. *See* 18 U.S.C. § 3553(a); *accord Wong Chi Fai*, 2019 WL 3428504, at *3, 9 (concluding the same, in part, where sixty-three-year-old defendant had hypertension, and previously suffered a heart attack and stroke); *United States v. Levy*, No. 16 Cr. 270, 2020 WL 2393837, at *7 (E.D.N.Y. May 12, 2020) (concluding the same, despite defendant's significant history of violating supervised release and the serious nature of defendant's felon-in-possession offense). Accordingly, Defendant's release is consistent with the relevant § 3553(a) factors.

For the foregoing reasons, the Motion is **GRANTED**, and Defendant's sentence is reduced to time served.  Defendant shall be released from FCI Allenwood as soon as practicable, but no later than **August 7, 2020**, to the home of his daughter, Denise K. Coates, where he shall self-quarantine for fourteen days as circumstances allow.  Both the Government and defense counsel are directed to ensure that Defendant's release is effectuated, including by notifying Defendant's family of this Order and ensuring that arrangements with the Warden or other official in charge at the FCI Allenwood are such that Defendant is released in a timely manner.

The Clerk of Court is respectfully directed to close the open motions at Docket Nos. 70, 72 and 74.

Dated: August 5, 2020
　　　　New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**